IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 09-265 (RWR) |
| ) | |
| FEBE DURANGO, ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Febe Durango, by her attorney, David W. Bos, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter. For the reasons outlined in more detail below, Ms. Durango respectfully requests, pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a), as delineated in Rita v. United States, 127 S. Ct. 2456 (2007), Kimbrough v. United States, 128 S. Ct. 558 (2007) and Gall v. United States, 128 S. Ct. 586 (2007), that the Court sentence Ms. Durango to a period of incarceration of "time served" in this case, followed by a three year period of supervised release. In support of this request, counsel states:

1. Ms. Durango appears before the Court for sentencing after having pled guilty to a one count Information charging her with Conspiracy to Defraud the United States, in violation of 18 U.S.C. 371.

2. Ms. Durango was arrested on May 4, 2009. For nearly two years prior to her arrest, the filing of the Criminal Complaint or discussing her case with an attorney, Ms. Durango informed the Government (first with representatives of the Export-Import Bank and later with representatives of the Justice Department) she wished to accept responsibility for her conduct and cooperate with the Government.

3. On October 14, 2009, after Ms. Durango had been cooperating with the Government for more than two years, the Government filed the one-count Information charging Ms. Durango with the above referenced charge. The conduct which gave rise to the charge in the Information occurred from November of 2005, until May of 2007 – nearly three years ago – and involved Ms. Durango's misguided attempt to obtain a business loan which she fully intended to repay.

4. The Court accepted the plea agreement reached by the parties on October 14, 2009.

5. Ms. Durango has no prior adult or juvenile convictions.

6. Mr. Durango has been detained since her arrest on May 4, 2009; and, for most of that time period she has been detained at the Correctional Treatment Facility, where she is one of only a very few female inmates who only speak Spanish.

6. As noted in the Government's sentencing memorandum, for the last year Ms. Durango has been assisting the Government in its investigation of corrupt overseas loan brokers who have defrauded the United States Government of millions of dollars. Ms. Durango has identified multiple corrupt loan brokers for the Government. Ms. Durango has explained how the corrupt loan brokers ply their trade. She has also testified in the grand jury concerning both her own conduct and the conduct of the corrupt loan brokers.  Because of her efforts, Ms. Durango expects the Government will be filing a departure motion pursuant to United States Sentencing Guideline §5K1.1; therefore, the Court will have the discretion to impose any sentence the Court deems appropriate in this case.

For the reasons outlined more fully below, I urge the Court to impose a sentence of "time served" followed by three years of supervised release in this case. Ms. Durango submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.

ARGUMENT

A. Assistance Provided Ms. Durango

§5K1.1 directs the Court to evaluate the "significance" and "usefulness" of the defendant's assistance in the arrest and prosecution of others.  §5K1.1(a)(1).  The Court is also instructed to consider "nature and extent of the defendant's assistance," §5K1.1(a)(3), the "timeliness of the defendant's assistance,"§5K1.1(a)(5), and "truthfulness, completeness, and reliability of any information or testimony provided by the defendant,"§5K1.1(a)(2). Finally, the Court should consider the "danger or risk of injury to the defendant or his family resulting from his assistance."§5K1.1(a)(4).

Ms. Durango's assistance has been both "useful" and "significant." This is not a case in which a cooperating defendant simply assisted in the arrest, prosecution and conviction of a single target, such as the defendant's primary supplier in a drug operation. Rather, this is a case in which the government targets are highly astute business people who use highly sophisticated means to cover up their crimes. Ms. Durango assistance has included: providing the Government will all her business records relating to the fraudulent loan in this case; repeated meetings with investigators from the Export-Import Bank; repeated meetings with prosecutors from the Department of Justice; and, most important, two appearances before the grand jury. Although she has not yet testified at trial, Ms. Durango is prepared to do so if requested by the Government.

The targets against whom Ms. Durango has agreed to provide information are especially sophisticated. Indeed, as noted in the Government's initial sentencing memorandum, it is exceedingly difficult to build a case against these individuals and Ms. Durango is the only foreign

borrower ever to have been successfully prosecuted in the United States. Hopefully, with the assistance of Ms. Durango, many more will follow.

B. Ms. Durango's Background

As noted in the Pre-Sentence Report, Ms. Durango is 52 years old and has no prior criminal convictions. She has two years of college and has always maintained stable employment. She has never consumed alcohol or used any other illicit substance. Ms. Durango comes from a very supportive family, all of whom continue to support her. She is a mother of three children, one of whom is a special needs child. Indeed, such a personal background suggests Ms. Durango would be an excellent candidate for a non-custodial sentence.

Even though she appears to be an excellent candidate for a non-custodial sentence, Ms. Durango is not seeking a probationary sentence in this case – given the seriousness of her conduct. All she asks is that the Court impose a sentence that balances the harm she has caused by her conduct with the unusual efforts she has undertaken to ameliorate that damage – with the knowledge that she has lived an otherwise law abiding life.

She is deeply remorseful for the conduct which brings her before the Court. As soon as she understood the seriousness of her actions, Ms. Durango met with Ex-Im Bank representatives. She explained, in detail, her role in the offense and the roles of other members of the conspiracy. Indeed, from July of 2007 until her arrest in May of 2009, Ms. Durango met with Ex-Im Bank investigators on multiple occasions to explain the nature of her actions, and the actions of her co-conspirators. Later, after leaving Columbia and coming to the United States, Ms. Durango met with prosecutors to provide additional information about not only her case, but also other cases involving the same corrupt loan brokers.

The requested sentence will send a strong a clear message to both Ms. Durango and anyone else who to attempts to violate the public trust as Ms. Durango did in this case. For the forgoing reasons, therefore, I urge the Court to sentence Ms,. Durango to a period of "time served" in this matter, followed by a period of three years of supervised release. Ms. Durango submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500